# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-50768

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2015

Lyle W. Cayce
Clerk

ALEJANDRO GARCIA DE LA PAZ,

Plaintiff - Appellee

v.

JASON COY, United States Customs and Border Protection Officer;
MARIO VEGA, United States Customs and Border Protection Officer,

Defendants - Appellants

_____

Cons w/ 14-10018

DANIEL FRIAS,

Plaintiff - Appellee

v.

ARTURO TORREZ, United States Customs and Border Protection Officer,
formerly known as John Doe,

Defendant - Appellant

————

Appeal from the United States District Court
for the Western District of Texas

Appeal from the United States District Court
for the Northern District of Texas

_____

ON PETITION FOR REHEARING EN BANC

(Opinion May 14, 2015, 2015, 786 F.3d 367)

Before JOLLY and JONES, Circuit Judges, and GODBEY, District Judge.[*]

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED. R. APP. P. 35 and 5TH CIR. R. 35), the petition for rehearing en banc is DENIED.

In the en banc poll, 4 judges voted in favor of rehearing (Judges Dennis, Prado, Graves, and Costa), and 11 judges voted against rehearing (Chief Judge Stewart and Judges Jolly, Davis, Jones, Smith, Clement, Owen, Elrod, Southwick, Haynes, and Higginson).

ENTERED FOR THE COURT:

*Edith H. Jones*

_____

EDITH H. JONES
United States Circuit Judge

_____

[*] United States District Judge of the Northern District of Texas, sitting by designation.

PRADO, Circuit Judge, joined by DENNIS and GRAVES, Circuit Judges, dissenting from Denial of Rehearing En Banc,

Plaintiffs allege that U.S. border patrol agents violated the Fourth Amendment by stopping them solely because of their Hispanic appearance. The respective district courts denied the border patrol agents' motions to dismiss, holding in part that Plaintiffs could assert a claim for damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On appeal, the panel reversed, asserting that undocumented immigrants[1] may not, as a matter of law, assert *Bivens* claims against border patrol agents for illegally stopping and arresting them. *De La Paz v. Coy*, 786 F.3d 367, 369 (5th Cir. 2015). Because I believe that the issue raised in this case is an important one, and I disagree with the panel's reading of the relevant case law, I dissent from this Court's denial of rehearing en banc.

As the panel's opinion points out, the first step in assessing whether a *Bivens* remedy is available is to determine whether allowing a *Bivens* action to proceed would extend *Bivens* to a "new context." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). Where the legal and factual components of a case fall within the "core holding of *Bivens*," *Malesko*, 534 U.S. at 67, the context is not "new" and a *Bivens* action may proceed. *Turkmen v. Hasty*, 789 F.3d 218, 234 (2d Cir. 2015); *Malesko*, 534 U.S. at 67.

The claims asserted by Plaintiffs here are squarely within the holding of *Bivens*. In *Bivens*, the Supreme Court permitted a suit for damages by a

---

[1] The panel's opinion refers to foreign nationals present in the United States without lawful immigration status as "illegal aliens"; I choose to refer to these individuals as "undocumented immigrants" instead.

plaintiff who alleged that federal law enforcement officers violated the Fourth Amendment when they entered his residence, searched through his belongings, and detained him. *Bivens*, 403 U.S. at 389–90. Without qualification, the Supreme Court stated that "damages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials" and that, "[h]istorically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty." *Id.* at 395. The claims at issue here—which stem from routine stops, searches, and arrests by federal law enforcement officers—fit well within this holding.

In an effort to distinguish the case at hand from *Bivens*, the panel's opinion errs by defining the "context" too narrowly. Namely, the opinion makes much of the fact that Plaintiffs are undocumented immigrants rather than U.S. citizens or legal residents and that they were stopped by border patrol agents rather than some other law enforcement agency. I believe these distinctions are not only erroneous, but are at odds with existing case law from this Court[2] and others.[3]

---

[2] *See Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 620–21, 625 (5th Cir. 2006) (holding that a Mexican national who alleged that she had been illegally arrested and beaten by a border patrol agent "may bring a *Bivens* claim for unlawful arrest and the excessive use of force under the Fourth Amendment"). The panel's justification for ignoring Fifth Circuit law—that the *Bivens* issue was not directly raised before this Court in *Martinez-Aguero*—is unpersuasive. As this Court has stated, "[w]hen confronting decisions of prior panels . . . we are bound by 'not only the result but also those portions of the opinion necessary to that result . . . .'" *Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000) (quoting *Seminole Tribe v. Florida*, 517 U.S. 44, 67 (1996)). Because we affirmed the denial of qualified immunity in *Martinez-Aguero* and allowed the case to proceed to trial, the availability of a *Bivens* remedy was necessary to the decision and is binding Fifth Circuit law.

[3] *See, e.g.*, *Escobar v. Gaines*, No. 3-11-0994, 2014 WL 4384389, at *4 (M.D. Tenn. Sept. 4, 2014) ("The Court does not have to 'imply' a damages remedy [for undocumented immigrants challenging a raid by immigration officials]—one already exists under *Bivens* for damages against federal officers who violate a person's Fourth Amendment rights."); *Morales v. Chadbourne*, 996 F. Supp. 2d 19, 30–34 (D.R.I. 2014) (same); *Vazquez-Mentado v. Buitron*, 995 F. Supp. 2d 93, 97–102 (N.D.N.Y. 2014) (recognizing aliens' *Bivens* claim for

Nor do the Second Circuit's decision in *Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009) (en banc), or the Ninth Circuit's decision in *Mirmehdi v. United States*, 689 F.3d 975 (9th Cir. 2011), support the panel's conclusion as the material facts in those cases are much different than the ones at issue here and in *Bivens*. In *Mirmehdi*, the plaintiffs' *Bivens* claims did not arise from a routine stop; rather, they were based on the allegation that federal agents had knowingly lied to the immigration judge about the plaintiffs' involvement in a terrorist organization in order to convince the judge to withhold bond. *Mirmehdi*, 689 F.3d at 979–80. The Second Circuit's decision in *Arar* is even further afield from the case at hand. In *Arar*, the court addressed only the availability of a *Bivens* remedy arising from the plaintiff's "extraordinary rendition"—i.e., "[t]he transfer, without formal charges, trial, or court approval, of a person suspected of being a terrorist or supporter of a terrorist group to a foreign nation for imprisonment and interrogation on behalf of the transferring nation." *Arar*, 585 F.3d at 563–64, 564 n.1 (quoting *Black's Law Dictionary* 1410 (9th ed. 2009)). This understanding is supported by the Second Circuit's recent decision in *Turkmen v. Hasty*, in which the court stated that its *Bivens*-related holding in *Arar* was limited to "the acts of federal officials in carrying out Arar's extraordinary rendition[.]" 789 F.3d at 234. The fact that the courts in *Arar* and *Mirmehdi* held that these were new contexts for the purposes of allowing a *Bivens* claim is not surprising given their particular

damages under the Fourth Amendment against the Chief Border Patrol Agent arising from the U.S. Border Patrol, Buffalo Sector's, policy "which reward[ed] USBP Buffalo Sector agents with cash, vacation time, and gift cards for high arrest numbers but not for the legality of arrests"); *Diaz-Bernal v. Myers*, 758 F. Supp. 2d 106, 111, 128–29 (D. Conn. 2010) (recognizing a *Bivens* remedy for undocumented immigrants who were subjects of a raid by federal immigration officials, reasoning that "[i]f a *Bivens* remedy were precluded, the present plaintiffs would have no forum in which to seek a remedy for the defendants' alleged constitutional violations").

facts. Nor is it relevant to the case presently before this Court as neither *Arar* nor *Mirmehdi* involved the type of routine domestic searches, seizures, and arrests by federal law enforcement officers at issue in this case and *Bivens*.

Finally, the panel's opinion unnecessarily puts us in conflict with another Circuit. In *Turkmen*, the Second Circuit allowed a group of undocumented immigrants to bring *Bivens* claims against federal officials, stating that "a *Bivens* remedy is available for Plaintiffs' . . . Fourth Amendment unreasonable and punitive [] search[] claims." 789 F.3d at 237. The court reasoned that "the Fourth Amendment is at the core of the *Bivens* jurisprudence, as *Bivens* itself concerned a Fourth Amendment claim . . . for the defendants' use of unreasonable force without probable cause, resulting in the plaintiff's unlawful arrest." *Id*. The panel's opinion in our case, however, reaches the opposite conclusion—holding that a *Bivens* remedy is unavailable to undocumented immigrants challenging stops and arrests in violation of the Fourth Amendment.

Because I disagree with the panel's analysis and believe that the decision to take the extraordinary step of denying *Bivens* remedies for routine traffic stops and arrests to an entire class of people warrants review by the entire court, I respectfully dissent from the denial of rehearing en banc.